UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELIPE HERIBERTO ARTICA CALIX,
A-221-489-593,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondent.

No.  1:26-cv-2480-DC-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Felipe Heriberto Artica Calix was detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The petition, respondent's response, and petitioner's reply are before the court. (ECF Nos. 1, 9, 13.) For the following reasons, the undersigned recommends the petition be denied.

**I.      Background**

Petitioner is a national of Honduras who entered the United States without inspection on or about May 20, 2022. (ECF No. 1, ¶¶ 20, 37.) Petitioner resided continuously in the United States for more than three years until he was arrested on January 29, 2026, in the interior of the United States. (Id., ¶ 39.) The Department of Homeland Security issued a Notice to Appear placing petitioner in removal proceedings under INA § 240. (ECF No. 1, ¶ 40.)

---

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

1

On February 13, 2026, petitioner appeared before an Immigration Judge ("IJ") for a custody redetermination hearing where the IJ denied bond, concluding petitioner is subject to mandatory detention and that the immigration court lacked jurisdiction to conduct a custody redetermination pursuant to Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025). (ECF No. 1, ¶¶ 42-43.) As an alternate finding, the IJ found (1) petitioner "is not a danger to the community" and (2) "is a flight risk, and no amount of bond will ensure his appearance at future hearings or his compliance with the directives of immigration officers." (ECF No. 9 at 20.)

On April 1, 2026, petitioner filed the present petition, bringing a claim asserting a violation of the Immigration and Nationality Act (INA) and a claim asserting a violation of Fifth Amendment due process. (ECF No. 1 at 9-11.) Petitioner requests relief in the form of immediate release or a constitutionally adequate bonding hearing before an IJ. (Id. at 11.)

**II.    Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**III.    Discussion**

Respondents contend petitioner is lawfully detained and subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). (ECF No. 9.) Respondents argue that even if the court determines petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a), the IJ already made an alternate finding that petitioner is a flight risk and petitioner would need to demonstrate a material change in circumstances pursuant to 8 CFR 1003.19(e). (Id. at 4.)

The undersigned agrees with the numerous courts that have held 8 U.S.C. § 1226, rather than § 1225, applies to individuals who were physically present in the United States for some period of time before they were detained by ICE. See, e.g., Gutierrez v. Chestnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025) (noting numerous district

2

courts have so held); accord Barbosa da Cunha v. Freden, --- F.4th ----, No. 25-3141-PR, 2026 WL 1146044, at *3 (2nd Cir. Apr. 28, 2026) (8 U.S.C. § 1226(a) governed the petitioner's detention where petitioner was arrested within the interior of the United States after living here for more than twenty years); Castañon-Nava v. DHS, 161 F.4th 1048, 1061 (7th Cir. 2025) (generally speaking, "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)"). Section 1226(a) "is the default detention statute for noncitizens in removal proceedings[.]" Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Under § 1226(a), the government has discretion whether to release or detain the individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2).

Petitioner argues the IJ's alternate finding regarding flight risk is not a legally operative custody determination and should not be treated as the equivalent of such. (ECF No. 13 at 2, 3-4.) However, petitioner cites no authority supporting this proposition. Petitioner already received a bond hearing where the IJ made an alternate finding that petitioner is a flight risk. Petitioner fails to show he is in custody in violation of the INA. See 8 U.S.C § 1226(a)(1) (the Attorney General "may continue to detain the arrested [non-citizen]"); Cruz-Acevedo v. Scott, No. 2:26-CV-01103-TMC, 2026 WL 1135912, at *2 (W.D. Wash. Apr. 27, 2026) (IJ's alternate finding regarding flight risk was a legally valid basis for noncitizen's detention under § 1226(a)).

Petitioner's due process claim is similarly premised on the alleged deprivation of an individualized custody determination. (ECF No. 1 at 10-11.) However, as set forth above,

3

petitioner received a bond hearing at which the IJ made an alternate finding that he is a flight risk. In constitutional challenges to an IJ's bond determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024). Petitioner asserts no claim that the procedures used at the hearing violated the Constitution or that the flight risk finding constituted an abuse of discretion. Petitioner fails to show he is in custody in violation of the Constitution or federal law.

**IV.     Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  Petitioner Felipe Heriberto Artica Calix's (A-221-489-593) application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied.

2.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 1, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 arti2480.mer

4